Suren **DAVTYAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–72643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed July 24, 2006.

---

Martin Estrada, Esq., Munger Tolles & Olson, LLP, Los Angeles, CA, for Petitioner.

Suren Davtyan, Los Angeles, CA, pro se.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, David E. Pinchas, Esq., Office of the U.S. Attorney, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

BEFORE: THOMAS and GOULD, Circuit Judges, and SCHWARZER,* Senior District Judge.

## MEMORANDUM **

Suren Davtyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") order which denied his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

We review for substantial evidence the BIA's factual determinations regarding eligibility for relief. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). Because the BIA assumed Davtyan was credible, we do so as well, despite a contrary finding by the IJ. *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005). We grant the petition for review in part and remand for further proceedings.

The BIA lacked substantial evidence to support its conclusion that Davtyan's 1996 beating and detention by Armenian police was prosecution and not persecution. "We have consistently found persecution where ... the petitioner was physically harmed."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Mamouzian v. Ashcroft,* 390 F.3d 1129, 1134 (9th Cir.2004). Davtyan, who belonged to an antigovernment party, was arrested for writing antigovernment slogans on walls and detained at a police station. He testified that police, while asking him why he was engaged in antigovernment activity, beat him with sticks and fists in the face, chest, and abdomen. Following the beating, he was left alone for two days without food or water. On the third day, police gave him food and water and then transferred him to a jail for a month. Although Davtyan did not claim he was mistreated in jail, he received no medical care for injuries suffered in the initial beating. On his release a month after the beating, he entered an Armenian hospital where he received three days of treatment for a second degree concussion and a bruised leg. These facts, taken in conjunction with his testimony of subsequent instances of politically-motivated harassment, compel a finding that Davtyan suffered past persecution.

A finding of past persecution triggers a presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1); *see also Mamouzian,* 390 F.3d at 1135. Given our reversal of the BIA's finding of no past persecution, we remand to the BIA for consideration of whether the government has rebutted the now-applicable presumption. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Although Davtyan has demonstrated past persecution, we cannot conclude that the record compels a finding that it is more likely than not that Davtyan will be persecuted or tortured upon return to Armenia. *See* 8 C.F.R. § 208.16(c); *Mamouzian,* 390 F.3d at 1139. Therefore, we **AFFIRM** the BIA's finding that Davtyan failed to satisfy the standard for withholding of removal or relief under CAT.

Petition **GRANTED** in part; **DENIED** in part; **REMANDED**.